# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) **ORDER DENYING DEFENDANT** |
| Plaintiff, | ) **BOERTJE-OBED'S MOTION FOR** |
| | ) **DISMISSAL OF CASE** |
| vs. | ) |
| | ) Case No. 1:06-cr-059 |
| Gregory Irwin Boertje-Obed, | ) |
| | ) |
| Defendant. | ) |

Before the Court is defendant Gregory Irwin Boertje-Obed's hand-written "Motion for Dismissal of Case" filed on August 29, 2006. Boertje-Obed asserts that his constitutional rights have been violated because he has been denied access to legal materials and that as a result of this alleged violation, the indictment should be dismissed. Boertje-Obed also contends that he has not been able to contact his court-appointed advisory attorney, Jeffrey Weikum. Finally, Boertje-Obed asserts that he has been "denied mailing materials since Aug 22, 2006, in order to mail out discovery photos to consult with others." He contends that he has requested "2 large manilla envelopes (9" x 12") to mail legal materials" but the envelopes have not been provided.

Regardless of the status of contacts between Boertje-Obed and his stand-by/advisory counsel,[1] there is no clearly established constitutional right to pre-trial access to a law library by a pro se defendant. See Kane v. Garcia Espitia, 126 S. Ct. 407 (2005) (holding that there is no clearly established federal right to pre-trial access to a law library by a pro se defendant); see also United States v. West, 557 F.2d 151, 152-53 (8th Cir. 1977) (per curiam) ( no constitutional violation when

---

[1] In his Order of August 8, 2006, Magistrate Judge Miller informed Boertje-Obed and his co-defendants that any federal law that may be relevant is available through appointed stand-by/advisory counsel. See Docket No. 42. Boertje-Obed has not asserted that his stand-by/advisory counsel has denied any of his requests for legal materials. Boertje-Obed admits that he has spoken with his stand-by/advisory counsel and was told that future calls would be accepted.

pro se criminal defendant was denied access to law library when he had a stand-by attorney who was to do research for him).

Boertje-Obed has been repeatedly advised of his right to a court-appointed attorney who would have prompt and unlimited access to legal materials. As is his right, Boertje-Obed has declined to accept court-appointed counsel. Boetrje-Obed has been provided with an experienced, court-appointed, advisory or stand-by attorney who has the ability to conduct legal research and obtain unlimited access to legal materials on his behalf. All of the advisory/stand-by attorneys involved in this case reside and practice in Bismarck, North Dakota, where all of the defendants are currently in custody; all advisory/stand-by attorneys are available for in-person consultations with the defendants to whom they have been appointed, and are available by phone for consultations or any requests for legal information; and all counsel will be present at the pretrial conference on September 1, 2006, to address any specific requests for legal assistance or advice or the need for legal materials. As to Boertje-Obed's request for mailing materials, the Court is under no obligation to a pro se defendant or other defendant, to provide mailing materials (i.e., stamps, envelopes, etc.).  After carefully reviewing the record, the Court finds that Boertje-Obed has wholly failed to establish a basis to warrant dismissal of the indictment. For the reasons outlined above, the Defendant's "Motion for Dismissal of Case" is **DENIED** (Docket No. 79). All parties will have an opportunity to address any issue(s) concerning pretrial discovery, pre-trial motions, and the trial at the pre-trial/status conference on Friday, September 1, 2006.

**IT IS SO ORDERED**.

Dated this 29th day of August, 2006.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

-2-